## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JAMES MICHAEL MURPHY | ) | |
| 5080 Riordan Hill Drive | ) | |
| Hood River, Oregon  97031 | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| DEPARTMENT OF THE AIR FORCE | ) | |
| 1690 Air Force Pentagon | ) | |
| Washington, DC 20330-1670 | ) | |
| | ) | |
| *Defendant.* | ) | |
| _____ | ) | |

### COMPLAINT

### (Privacy Act, 5 U.S.C. § 552a)

#### *Jurisdiction*

1.  The Court has jurisdiction under 28 U.S.C. § 1331 and under 5 U.S.C. § 552a(g)(1), which provides for redress in the District Courts based upon violations of the Privacy Act.  A damages award is requested for the harm caused by the unlawful and intentional release of information maintained by Defendant.

#### *Venue*

2.  Venue is proper under 5 U.S.C. § 552a(g)(5).

#### *Parties*

3.  Plaintiff is a citizen of the United States who resides at the address stated in the caption, and who was commissioned in the Air Force Reserve in June 2005 until he was discharged in August 2016.

4.  Defendant is an agency of the United States that maintains records as provided for under the Privacy Act.

### *Statute of Limitations*

5.  Under the Privacy Act, suit must be brought within two years of the date on which the action arises.  5 U.S.C. § 552a(g)(5).  Plaintiff became aware of the disclosures at issue in this case on or about February 8, 2016.  The case is, thus, timely filed.

### *Statutory Framework*

6.  As defined in the Privacy Act, "maintain" includes various record keeping functions to which the Act applies:  i.e., maintaining, collecting, using, and disseminating.

7.  In turn, this connotes control over and responsibility and accountability for systems of records.  5 U.S.C. § 552a(a)(3).

8.  The United States Air Force Reserve (hereinafter "USAFR") is the Reserve Component of the Air Force and is composed of federally recognized units and organizations of the Air Force.  10 U.S.C. § 10110.

9.  The Department of the Air Force is required to maintain personnel records on all members of the federally recognized units and organizations of the Air Force.  10 U.S.C. § 10204.

10.  Such records are records within the meaning of the Privacy Act.

11.  Such records need not be physically located in the agency for them to be maintained by the agency.

12. Records maintained by State National Guards under Title 32 also fall within the ambit and strictures of the Privacy Act.  *See In re: Sealed Case*, 551 F.3d 1047 (DC Cir. 2009).

### *The Unlawful and Intentional Release of Information*
### *Maintained by the Air Force in Plaintiff's Case*

13.  Plaintiff has been a medical doctor since graduating from Saba University School of Medicine in 1996.

14.  Plaintiff completed a one-year transitional residency at Providence Sacred Heart Medical Center & Children's Hospital, Spokane, Washington from 1996-1997, two years of training at the Charleston Area Medical Center, Charleston, West Virginia from 1997 to 1999, and additional training at the Carillion Roanoke Memorial Hospital in Roanoke, Virginia from 1998 to 1999.

15.  From 1999-2002, Plaintiff completed a three-year Anesthesia residency at the Oregon Health Sciences University in Portland Oregon.  Plaintiff is board certified in Anesthesiology and Pediatric Anesthesiology.

16.  In 2007, Plaintiff was accessed from the 939th Refueling Unit of the United States Air Force Reserve to the Oregon Air National Guard.

17.  On or about November 19, 2011, in conjunction with performing his duties as a Guardsmen, Plaintiff conducted the medical exam portion of a regularly scheduled Preventative Health Assessment on an Airman, Staff Sergeant (hereinafter "SSgt") Hannah Mosebach.

18.  Over two years later, on or about December 8, 2013, Plaintiff was advised that SSgt Mosebach had alleged that during the course of the November 19, 2011 examination, he had performed an unauthorized papanicolaou examination (hereinafter "Pap Smear") upon her.

19.  On January 5, 2014, the Oregon Air National Guard requested that the Office of

3

Complex Administrative Investigations, National Guard Bureau investigate the allegation of sexual assault.

20.   On the report dated August 21, 2014, the Office of Complex Administrative Investigations found that the allegation of sexual assault was credible and submitted findings of Investigation Number OR1401 to The Adjutant General of the Oregon National Guard.

21.   Subsequently, a senior Air JAG of the Oregon National Guard, Colonel Tom Patton, conducted a review of the investigation and concluded that the "investigator's `substantiated' finding was completely wrong, and does not comport with the legal standard for an administrative investigation because it was not supported by the preponderance of the evidence."

22.   On December 5, 2014, a Quality Assurance Officer was appointed to conduct a Quality Assurance Review into the allegation of sexual assault under Chapter 9 of Air Force Instruction 44-119.

23.   On April 8, 2015, the Quality Assurance Officer concluded, based on his review of the OCI Investigation OR1401 and other documents, that one could "neither prove nor disprove the allegation [of whether the Plaintiff actually performed the Pap Smear]…"

24.   From May 6-9, 2015, an Administrative Discharge Board was convened, which recommended Plaintiff's discharge.

25.   On November 8, 2015, as part of the AFI 44-119 investigation, a Peer Review Panel was convened to review the Plaintiff's clinical practice/performance based on the report of the OCI Investigation OR1401, the Quality Assurance Review, the Plaintiff's personal statement, and the Administrative Discharge Board Transcript.  The Peer Review Panel findings state, "The PRP was in agreement that [they] were to review the provided materials with the assumption that

the alleged act had occurred." The Panel recommended revocation of Plaintiff's clinical privileges.

26. On February 23, 2016, Plaintiff was notified by his command that AFI 44-119 does not apply to the Air National Guard, and as such, the command did not consider either the findings of the Quality Assurance Review or the Peer Review Panel, and that Plaintiff's medical provider credentials were not held in abeyance.

27. On or about September 8, 2015, Plaintiff was offered and accepted a full-time permanent position as a Physician (Anesthesiologist) at Womack Army Medical Center on Fort Bragg, North Carolina with a starting salary of $305,637.00.

28. On or about February 8, 2016, CAPT Crystal Wong, USAF, an active duty attorney previously assigned and stationed at Travis Air Force Base, California, contacted Womack Army Medical Center and disclosed information contained in Plaintiff's Official Military Personnel File and documents related to the Quality Assurance Investigation and the elimination proceedings of which the Plaintiff was the subject.

29. Plaintiff was immediately removed from all patient duties and in a March 17, 2016 letter, the Chief of the Department of Anesthesia at Womack Army Medical Center notified the Plaintiff that he was discharged from the hospital effective April 1, 2016.

30. Upon information and belief, Defendant, through its agents, intentionally or willfully disclosed and released the contents of confidential records pertaining to Plaintiff, without contacting Plaintiff or making reasonable efforts to assure that the information contained within the records were "accurate, complete, timely, and relevant for agency purposes," in violation of 5 U.S.C. § 552a(e)(6).

5

31.  Upon information and belief, Defendant, through its agents, violated 5 U.S.C. § 552a(e)(9) by intentionally or willfully failing to establish and implement rules of conduct for persons involved in the design, development, operation or maintenance of any system of records, or in maintaining any record, and Defendant has failed to instruct each person with respect to such rules and the penalties for non-compliance.

32.  Upon information and belief, Defendant, through its agents, violated 5 U.S.C. § 552a(e)(10) by intentionally or willfully failing to establish appropriate administrative, technical and physical safeguards to insure the security and confidentiality of records and to protect against any anticipated threats or hazards to their security or integrity which could result in substantial harm, embarrassment, inconvenience, or unfairness to any individual on whom information is maintained.

33.  Plaintiff has suffered both economic and non-economic damages due to the unlawful and intentional disclosure of this confidential information.

### *Legal Claim*

**The actions of the Air Force violated the Privacy Act.**

34.  The averments of the preceding paragraphs are incorporated herein.

35.  The USAFR, acting for Defendant, maintained records within the meaning of the Privacy Act regarding Plaintiff.

36.  Captain Wong, acting for Defendant, intentionally or willfully disclosed and released the contents of confidential records pertaining to Plaintiff, without making any reasonable efforts to assure that the information contained within the records were "accurate, complete, timely, and relevant for agency purposes," in violation of 5 U.S.C. § 552a(e)(6).

37.   The Oregon National Guard, acting for Defendant, violated 5 U.S.C. § 552a(e)(9) by intentionally or willfully failing to establish and implement rules of conduct for persons involved in the design, development, operation or maintenance of any system of records, or in maintaining any record, and Defendant has failed to instruct each person with respect to such rules and the penalties for non-compliance.

38.   The USAFR, acting for Defendant, violated 5 U.S.C. § 552a(e)(10) by intentionally or willfully failing to establish appropriate administrative, technical and physical safeguards to insure the security and confidentiality of records and to protect against any anticipated threats or hazards to their security or integrity which could result in substantial harm, embarrassment, inconvenience, or unfairness to any individual on whom information is maintained.

39.   Agents for the USAFR, acting for Defendant, intentionally and unlawfully disseminated specific information covered under the Privacy Act to individuals who had no need to know this information.

40.   The intentional and unlawful dissemination of this information caused Plaintiff pecuniary loss and physical and mental injury and suffering.

41.   Defendant is liable to Plaintiff for this unlawful and intentional disclosure as provided for under the Privacy Act.

### *Prayer for Relief*

WHEREFORE, Plaintiff prays that judgment be entered:

(a) awarding him monetary damages for the unlawful release of his records which caused him severe injury;

(b) ordering Defendant to expunge all records or information maintained by Defendant

regarding Plaintiff that is inaccurate and/or derogatory, pursuant to 5 U.S.C. § 552a(g)(2)(A);

(c) referring those individual agents of Defendant responsible for violating the Privacy Act for prosecution, pursuant to 5 U.S.C. § 552a (i)(1);

(d) awarding reasonable attorney's fees and costs of this action in accordance with the Privacy Act, including but not limited to 5 U.S.C. § 552a(g)(2)(B) and 5 U.S.C. § 552a(g)(3)(B); and

(e) ordering such other and further relief as may, in the circumstances, be just and proper.

Respectfully submitted,

David P. Sheldon (DC Bar # 446039)
Law Offices of David P. Sheldon, P.L.L.C.
512 8th Street, S.E.
Washington, DC  20003
Tel: 202.546.9575
Fax: 202.546.0135

*Attorney for Plaintiff*