## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JAMES MICHAEL MURPHY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 17-cv-1911 (KBJ) |
| | ) | |
| DEPARTMENT OF THE AIR FORCE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff James Murphy filed the instant case against the Department of the Air Force ("Air Force" or "Defendant") on September 18, 2017, alleging that the Air Force has violated his rights under the Privacy Act, 5 U.S.C. § 552a, and seeking, *inter alia*, monetary damages and an order to expunge certain records in the Air Force's possession. (*See generally* Compl., ECF No. 1.) The Air Force opted to file an answer to Murphy's complaint, and then subsequently moved to dismiss the complaint under Rule 12(b)(6). (*See* ECF Nos. 5, 7, 17.) After this Court pointed out the impropriety of this maneuver under the Federal Rules of Civil Procedure (*see* Min. Order of June 26, 2018), the Air Force responded by asserting that "the Court could simply treat defendant's motion [to dismiss] as a motion for judgment on the pleadings" under Rule 12(c), rather than striking the motion to dismiss and requiring the filing of a new motion for judgment on the pleadings (*see* Def.'s Response to Order to Show Cause ("Def.'s Resp."), ECF No. 18, at 2). For the reasons explained below, Defendant is mistaken. Rule 12(b)(6) motions to dismiss and Rule 12(c) motions for judgment on the

pleadings are distinct procedural vehicles that cannot be seamlessly substituted for one another. *See Tapp v. Washington Metro. Area Transit Auth.*, 306 F. Supp. 3d 383, 391–92 (D.D.C. 2016). As a result, the Air Force's request for the conversion of its Rule 12(b)(6) motion into a Rule 12(c) motion must be **DENIED**, and its Rule 12(b)(6) motion (which was improperly filed after the answer) must be **STRICKEN**. If Defendant wishes to move for judgment on the pleadings under Rule 12(c), it may revise its answer as necessary and file a Rule 12(c) motion that comports with the standards that govern such a motion under D.C. Circuit case law.

## I.   DISCUSSION

The distinction between a motion brought under Rule 12(b)(6) and a motion brought under Rule 12(c) is more than "'merely semantic[.]'" (Def.'s Resp. at 2 (quoting *Douglass v. District of Columbia*, 605 F. Supp. 2d 156, 161 (D.D.C. 2009)).) Rule 12 plainly contains two different provisions, which in itself suggests that this Rule authorizes two distinct means of challenging a plaintiff's legal action. A proper motion brought under either rule must necessarily reflect the differences in "their respective scope and effect." 5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1369 (3d ed. 2004) [hereinafter Wright & Miller].

Stated simply, a Rule 12(b)(6) motion is "a method of testing the sufficiency of the statement of the claim for relief[,]" 5B Wright & Miller, § 1349; as such, it is filed *before* any responsive pleading. *See* Fed. R. Civ. P. 12(b) ("A motion asserting any of these [12(b)] defenses must be made before pleading if a responsive pleading is allowed."). A defendant who opts to proceed under Rule 12(b)(6) in lieu of filing an answer thereby contends that the complaint "fails to state a claim upon which relief can be granted[,]" Fed. R. Civ. P 12(b)(6), and it is precisely because such a motion is

focused solely on the *insufficiency* of the complaint's allegations—as opposed to their accuracy—that the defendant must accept the allegations of the complaint as true as a prerequisite to sustaining his contention that the complaint's allegations are unavailing nonetheless, *see* 5B Wright & Miller, § 1357.

By contrast, a motion for judgment on the pleadings under Rule 12(c) relates to the *merits* of the claims in the complaint; it "has its historical roots in common law practice, which permitted either party, at any point in the proceeding, to demur to his opponent's pleading and secure a dismissal or final judgment on the basis of the pleadings." 5C Wright & Miller, § 1367. A Rule 12(c) motion is thus filed *after* the defendant has submitted an answer, *see* Fed. R. Civ. P. 12(c), and such a motion relies on both sets of pleadings (i.e., the plaintiff's complaint and the defendant's answer) to support an argument made by either party about the merits of the dispute at hand.

Importantly, not only does a Rule 12(c) motion differ in substance, it also demands a different response from the court: unlike a Rule 12(b)(6) motion, a Rule 12(c) motion asks the court to render "a judgment on the merits . . . by looking at the substance of the pleadings and any judicially noted facts." *All. of Artists & Recording Cos., Inc. v. Gen. Motors Co.*, 162 F. Supp. 3d 8, 16 (D.D.C. 2016) (internal quotation marks and citation omitted). Thus, a Rule 12(c) motion requires the court to consider and decide the merits of the case, on the assumption that the pleadings demonstrate that there are no meaningful disputes as to the facts such that the complaint's claims are ripe to be resolved at this very early stage in the litigation. *See* 5C Wright & Miller, § 1369 (explaining that, while "[t]he granting of a Rule 12(b) motion typically merely means that the plaintiff has failed to satisfy one of the procedural prerequisites for asserting

his claim for relief[,] [a] motion for judgment on the pleadings . . . theoretically is directed towards a determination of the substantive merits of the controversy"); *see also* 61A Am. Jur. 2d Pleading § 559 (same).

Therefore, cases that suggest that motions brought under Rule 12(b)(6) and Rule 12(c) are indistinguishable and interchangeable, such as *Douglass v. District of Columbia*, 605 F. Supp. 2d 156 (D.D.C. 2009), and *Bowman v. District of Columbia*, 562 F. Supp. 2d 30, 32 (D.D.C. 2008), have mistakenly overlooked these motions' markedly different functions, as well as the nuanced distinction between the legal standards that apply when these motions are considered. To be sure, "the court must construe the complaint in a light most favorable to the plaintiff and must accept as true all reasonable factual inferences drawn from well-pleaded factual allegations" with respect to a motion brought under either rule. *Douglass*, 605 F. Supp. 2d at 161. But the alleged facts are accepted as true in the Rule 12(b)(6) context merely to test the legal sufficiency of the complaint's allegations standing alone, as explained above, while the alleged facts are accepted as true under Rule 12(c) for the purpose of evaluating the movant's argument that no material dispute of fact exists such that the court can decide the merits of the case as a matter of law based on the pleadings. *See Kambala v. Checchi & Co. Consulting, Inc.*, 280 F. Supp. 3d 131, 137 (D.D.C. 2017); *United States v. All Assets Held at Bank Julius*, 251 F. Supp. 3d 82, 88 (D.D.C. 2017). This means that a party seeking judgment on the pleadings under Rule 12(c) *must make a different showing* than a defendant who requests that the complaint be dismissed under Rule 12(b)(6)—i.e., the Rule 12(c) movant must demonstrate that the law entitles him to win given the undisputed facts that have been alleged in both parties'

pleadings—and when considering a motion brought under Rule 12(c), the court *must make a different finding* than the mere determination that the plaintiff's complaint is too deficient to proceed.

The D.C. Circuit puts it this way: to support a Rule 12(c) motion, "the moving party [must] demonstrate[] that no material fact is in dispute and that it is entitled to judgment as a matter of law." *Schuler v. PricewaterhouseCoopers, LLP*, 514 F.3d 1365, 1370 (D.C. Cir. 2008); *Haynesworth v. Miller*, 820 F.2d 1245, 1249 n.11 (D.C. Cir. 1987), *abrogated on other grounds by Hartman v. Moore*, 547 U.S. 250 (2006); *see also Lopez v. Nat'l Archives & Records Admin.*, 301 F. Supp. 3d 78, 84 (D.D.C. 2018) (noting that the 12(c) standard set out by the D.C. Circuit "comes closer to a summary judgment type of determination"). Cases in this district routinely recognize the subtle yet significant distinction between Rule 12(b)(6) and Rule 12(c) motions. *See, e.g.*, *Tapp*, 306 F. Supp. at 383; *Kambala*, 280 F. Supp. at 137; *All Assets Held at Bank Julius*, 251 F. Supp. 3d at 88; *Lopez*, 301 F. Supp. 3d at 84. And they implicitly acknowledge that the Rule 12(c) burden is substantial: if the Rule 12(c) movant cannot show *both* that there is no material dispute of fact (as reflected in the parties' pleadings) *and* that the law is such that the movant is entitled to judgment as a matter of law, then the motion for judgment on the pleadings must be denied. *See Tapp*, 306 F. Supp. at 391 ("To prevail on a Rule 12(c) motion, the moving party must show that no material issue of fact remains to be solved and that it is entitled to judgment as a matter of law." (quoting *Judicial Watch, Inc. v. U.S. Dep't of Energy*, 888 F. Supp. 2d 189, 191 (D.D.C. 2012)) (internal quotation marks and alteration omitted)).

Here, the Air Force's pending Rule 12(b)(6) motion to dismiss does not address the existence or absence of disputed material facts, nor does it attempt to evaluate the merits of the complaint's claims in light of existing law. (*See, e.g.*, Mot. to Dismiss, ECF No. 17, at 5–13 (arguing solely that the complaint fails to state a claim for various violations under the Privacy Act).) Therefore, this Court cannot accede to the Air Force's request that its Rule 12(b)(6) motion to dismiss be converted to a Rule 12(c) motion for judgment on the pleadings. Instead, the Air Force must reassess its position and decide whether it wishes to file a Rule 12(c) motion that properly conforms to the applicable legal requirements, or otherwise move forward to discovery.

## II.  ORDER

For the reasons stated above, it is hereby

**ORDERED** that Defendant's request that this Court treat its Rule 12(b)(6) motion to dismiss as a Rule 12(c) motion (*see* ECF No. 18) is **DENIED**, and it is

**FURTHER ORDERED** that Defendant's motion to dismiss (ECF No. 17) is **STRICKEN**. If Defendant wishes to, it may file, on or before **August 8, 2018,** a revised answer that demonstrates the absence of any material dispute of fact (presumably by accepting the material allegations of fact in the complaint as true), and a Rule 12(c) motion that asks the Court to render judgment in its favor as a matter of law in light of the absence of disputed material facts. In the alternative, the parties are instructed to file, on or before **August 8, 2018**, a joint status report proposing three dates for an Initial Scheduling Conference.

Date:  July 18, 2018

*Ketanji Brown Jackson*
KETANJI BROWN JACKSON
United States District Judge

6